UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDOS GRAY, JR., | No. 2:12-cv-3006 AC P |
| Plaintiff, | |
| v. | ORDER |
| T. VIRGA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Defendants filed a motion to dismiss on June 24, 2013 (ECF No. 14).  After receiving two extensions of time, plaintiff's response is currently due on or before October 31, 2013.  On October 7, 2013 plaintiff filed a motion for an order requiring prison officials at Pelican Bay State Prison to release all three boxes of his legal property to him at the same time so that he can retrieve "necessary supporting documents to oppose defendants['] motion to dismiss."  ECF No. 21 at 1.

Absent unusual and compelling circumstances not present here, federal courts generally are discouraged from interfering with day-to-day prison administration decisions.  See Turner v. Safley, 482 U.S. 78, 84–86 (1987); Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir.1981) (courts should avoid enmeshing themselves in minutiae of prison operations in name of constitution); see generally Lewis v. Casey, 518 U.S. 343, 354 (1996) (constitutional right of access to the courts is

1

1   limited to the initiation of a court action; the state is not required to enable prisoners to litigate

2   effectively once in court).  Moreover, the relief is sought against a non-party to this action.

3   Plaintiff's civil rights complaint concerns events that occurred at California State Prison-

4   Sacramento.  He is currently at inmate at Pelican Bay State Prison.  For these reasons, the motion

5   is denied to the extent that it seeks a court order against Pelican Bay State Prison.

6        However, since plaintiff is proceeding pro se, the court will liberally construe plaintiff's

7   motion as a third request for an extension of time to respond to defendants' motion to dismiss.

8   See Haines v. Kerner, 404 U.S. 519 (1972).  So construed, the motion will be granted in part

9   based upon plaintiff's averment that he needs the requested legal property to oppose the motion to

10  dismiss.  Plaintiff shall have up to an including November 15, 2013 in which to file a response to

11  the motion to dismiss.  No further extensions of time will be granted absent a showing of

12  extraordinary circumstances.

13       Accordingly, IT IS HEREBY ORDERED that:

14       1.   Plaintiff's motion at ECF No. 21 is DENIED IN PART, insofar as it seeks an

15  order for the release of legal property.

16       2.   To the extent that plaintiff seeks additional time to obtain legal papers from his

17  property to assist him in responding to defendants' motion to dismiss, the motion is GRANTED

18  IN PART.

19       3.   Plaintiff's response to defendants' motion to dismiss is now due on or before

20  November 15, 2013.

21  DATED: October 23, 2013

22  _____
    ALLISON CLAIRE
23  UNITED STATES MAGISTRATE JUDGE

24

25

26

27
    AC:ts/gray3006
28