UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDOS GRAY, Jr.,<br><br>  Plaintiff,<br><br>  v.<br><br>T. VIRGA, et al.,<br><br>  Defendants. | No.  2:12-cv-3006 KJM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motions to compel.  See ECF Nos. 44 & 48. Defendants have opposed the first motion to compel by arguing that they have, in fact, timely responded to the discovery request.  See ECF No. 47.  Defendants have neither opposed nor filed a statement of no opposition to the second motion to compel.

COMPLAINT

Plaintiff alleges that prison officials (1) failed to protect him from an inmate assault when he was housed in the Administrative Segregation Unit (ASU) at California State Prison-Sacramento (CSP-Sacramento), and (2) were deliberately indifferent to his serious medical needs following the attack.

////

////

1

PLAINTIFF'S MOTIONS TO COMPEL

I. The First Motion To Compel – ECF No. 44.

On July 10, 2014, plaintiff moved to compel the production of documents and answers to interrogatories. Plaintiff asserts that he served the requests on defendants on May 22, 2014, but received no response. Defendants assert that the requests were served on May 27, 2014, basing their assertion on the postmark date of the envelope containing the requests, and Fed. R. Civ. P. 5(b)(2)(C), which states that "service is complete upon mailing."

Defendant cites no authority for the proposition that service occurs on the postmark date, rather than the date plaintiff placed the request in the U.S. mail, or alternatively, the date he delivered it to prison authorities for forwarding to defendants. See Fed. R. Civ. P. 5(b)(2)(C) ("service is complete upon mailing"); Schroeder v. McDonald, 55 F.3d 454, 459 (9th Cir. 1995) ("'[A]n incarcerated pro se litigant completes "service" under Fed. R. Civ. P. 5(b) upon submission to prison authorities for forwarding to the party to be served'") (quoting Faile v. Upjohn Co., 988 F.2d 985, 988 (9th Cir.1993)).

However, the plaintiff's proof of service for the discovery requests shows that he mailed the requests to the court – not to the defendants – on May 22, 2014. Thus, the court has no basis for using the May 22, 2014 date as the service date. The court will therefore use the only other date reasonably available, May 27, 2014 (the postmark date), as the date of service. In that case, plaintiff's motion was premature, as the responses were not due until July 14, 2014, four days after plaintiff filed his motion to compel. In addition, plaintiff has not disputed defendants' assertion, supported by a sworn declaration, that defendants served their responses on plaintiff on July 14, 2014. This motion to compel will accordingly be denied.

II. The Second Motion To Compel – ECF No. 48.

On August 8, 2014, plaintiff filed his second motion to compel. Defendants have filed no response to this motion. The court notes however, that this motion seeks (1) the compelled production of the same documents plaintiff sought in the first motion to compel, without addressing defendants' assertion that they have already responded to that document request, and (2) compelled answers to the same interrogatories as were previously addressed to N. Gam and

M. Starnes (but omitting any reference to the interrogatories served on T. Virga and M. Nielson). The court interprets this second motion, then, to be a motion for further compelled production, based upon defendants' responses to the first discovery requests. Due to the confusing nature of plaintiff's second motion, the court will not order defendants to show cause why they should not be sanctioned for failing to file any response. Instead, the court will order defendants to file with the court their responses to (1) the document requests, and (2) the interrogatory responses for N. Gam and M. Starnes.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's July 10, 2014 motion to compel the production of documents, and responses to interrogatories directed to T. Virga, M. Nielson, N. Gam and M. Starnes (ECF No. 44) is DENIED as premature;

2. Plaintiff's motion to compel the production of documents, and responses to interrogatories directed to N. Gam and M. Starnes (ECF No. 48) will be held in abeyance pending the filing of defendants' responses to plaintiff's discovery requests (see below); and

3. Defendants shall, no later than 30 days from the date of this order, FILE the responses they served on plaintiff on July 14, 2014, relating to (1) plaintiff's request for production of documents, and (2) plaintiff's interrogatories directed to N. Gam and M. Starnes.

DATED: October 7, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3