1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BERNARDOS GRAY, JR.,                    No.  2:12-cv-03006 KJM AC P

12              Plaintiff,

13        v.                                 ORDER

14   T. VIRGA, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  ECF No. 1.  Pending before the court are plaintiff's motions to compel (ECF Nos.

19   48, 51, 56), which defendants have opposed (ECF Nos. 58, 60).  Plaintiff has also filed a pretrial

20   statement and three motions for court orders to have inmate witnesses appear at trial.  ECF Nos.

21   52, 53, 54, 55.  A motion for summary judgment has been filed by the defendants (ECF No. 64)

22   and briefing is in progress.[1]

23   I.    Plaintiff's Allegations

24        Plaintiff alleges that defendants Virga, Nielson, Gam, and Starnes violated his Eighth

25   Amendment rights when they failed to protect him from an assault by another inmate.  ECF No. 1

26   _____

27   [1]  Due to the court's caseload burdens, the discovery matters in this action were not promptly
     addressed prior to expiration of the discovery and motion deadlines.  Nevertheless, the court here
     authorizes all additional appropriate discovery.  Responsive briefing on the pending motion will
28   be extended accordingly.

1

1    at 3-5.  Specifically, he alleges that defendant Virga failed to properly train defendants Gam and

2    Starnes in the mandatory requirements and procedures for cell searches in high risk security units.

3    Id. at 3.  He alleges that this resulted in Gam and Starnes failing to conduct a search before

4    housing him with inmate Williams, who then assaulted him with a weapon.  Id.  Plaintiff alleges

5    that in addition to failing to conduct a mandatory search before placing him in a cell with inmate

6    Williams, defendants Gam and Starnes failed to stop the assault.  Id. at 4.  He alleges that when

7    the assault began, Gam and Starnes deliberately sprayed plaintiff with pepper spray, rather than

8    his assailant, and did not take any further action until the assault was over.  Id. 4-5.  Plaintiff

9    alleges that defendant Nielson deliberately approved inmate Williams to house with plaintiff,

10    despite knowing that Williams was "deemed a[n] 'obvious' danger to others in the general

11    population."  Id. at 4.

12    II.     Motions to Compel

13          A.     Discovery Dispute

14          Plaintiff has filed four motions to compel.  The first motion, filed by the clerk on July 10,

15    2014 (ECF No. 44),[2] was denied as premature.  ECF No. 50 at 3.  Plaintiff's second motion to

16    compel was held in abeyance pending the filing of the defendants' responses to plaintiff's

17    requests.[3]  Id.  In the second motion, plaintiff moves the court for an order compelling all

18    defendants to respond to his requests for production and defendants Gam and Starnes to respond

19    to his requests for interrogatories.  ECF No. 48 at 1; ECF No. 48-1.  Though plaintiff identifies

20    the specific requests he seeks to put at issue, he fails to provide the defendants' responses or fully

21    explain the deficiency of each response or how the requests seek information reasonably

22    calculated to lead to the discovery of admissible evidence.  Id.  Due to plaintiff's failure to

23    provide the defendants' responses, the court ordered defendants to file copies of their responses

24    (ECF No. 50), which they did (ECF No. 57).

25    ////

26

---

27    [2] Plaintiff did not provide a certificate of service indicating the date he delivered the motion to prison authorities for mailing.

28    [3] Defendants incorrectly characterize the motion as being denied.  ECF No. 58 at 2.

1      The third motion to compel seeks to compel defendant Virga to respond to a request for

2  production and defendants Gam and Starnes to respond to additional requests for interrogatories.

3  ECF no. 51 at 1-2, 10-13.

4      Plaintiff's final motion to compel seeks to compel defendant Virga to respond to his

5  requests for production.  ECF No. 56 at 1-4.  This motion largely overlaps his first motion to

6  compel (ECF No. 48).

7          B.      Standards Governing Discovery

8      The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad.

9  Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or

10  defense—including the existence, description, nature, custody, condition, and location of any

11  documents or other tangible things and the identity and location of persons who know of any

12  discoverable matter."  Fed. R. Civ. P. 26(b)(1).  Discovery may be sought of relevant information

13  not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of

14  admissible evidence."  Id.  The court, however, may limit discovery if it is "unreasonably

15  cumulative or duplicative," or can be obtained from another source "that is more convenient, less

16  burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity

17  to obtain the information by discovery;" or if the proposed discovery is overly burdensome.  Fed.

18  R. Civ. P. 26(b)(2)(C)(i)-(iii).  The purpose of discovery is to make trial "less a game of blind

19  man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest

20  practicable extent," U.S. v. Procter & Gamble Co., 356 U.S. 677, 682 (1958), and to narrow and

21  clarify the issues in dispute, Hickman v. Taylor, 329 U.S. 495, 501 (1947).

22      Where a party fails to answer an interrogatory submitted under Fed. R. Civ. P. 33, or fails

23  to produce documents requested under Fed. R. Civ. P. 34, the party seeking discovery may move

24  for compelled disclosure.  Fed. R. Civ. P. 37.  "The party seeking to compel discovery has the

25  burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).

26  Thereafter, the party opposing discovery has the burden of showing that the discovery should be

27  prohibited, and the burden of clarifying, explaining or supporting its objections."  Bryant v.

28  Ochoa, 2009 WL 1390794 at * 1 (S.D. Cal. May 14, 2009) (citations omitted).  The opposing

1  party is "required to carry a heavy burden of showing" why discovery should be denied.

2  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

3       C.      Failure to Meet and Confer

4       Defendants argue that the motions to compel should be denied because while the meet and

5  confer requirements of Local Rule 251 have been waived, the requirement to confer under

6  Federal Rule of Civil Procedure 37(a) has not.  ECF No. 58 at 2; ECF No. 60 at 2.  While it is true

7  that the requirement outlined in Rule 37(a) has not been explicitly excused, and the court

8  encourages parties to attempt to resolve disputes prior to seeking court intervention, because of

9  plaintiff's pro se status the rule will not be enforced here and will not provide grounds for

10  denying the motion.

11       D.      Second Motion to Compel (ECF No. 48)

12       As noted above, in his second motion to compel, plaintiff failed to explain the deficiency

13  of each of defendants' responses or how the requests seek information reasonably calculated to

14  lead to the discovery of admissible evidence.  The court held the motion in abeyance pending the

15  filing of defendants' responses to the discovery requests and no further action was taken once the

16  responses were filed (ECF No. 57).  Defendants have not filed any response to plaintiff's second

17  motion to compel, beyond the discovery responses ordered by the court, presumably because they

18  mistakenly believed the motion had been denied (ECF No. 58 at 2) and a response was not

19  ordered by the court.

20       Since plaintiff's fourth motion to compel also sought to compel responses to Requests for

21  Production Nos. 2 and 3 from the first set of requests (ECF No. 56) the disputes over these

22  requests will be addressed below in Section II.F in relation to the fourth motion to compel.  The

23  remaining disputes in the second motion to compel will be addressed here.

24          **RFP No. 4, Set 1:** Copies of Plaintiff's Gray complete medical file.

25          **Response:** Defendants object to this request on the grounds that it is
26          overly broad, burdensome, not reasonably calculated to lead to the
             discovery of admissible evidence, not relevant to any claims or
27          defenses at issue in this lawsuit, and equally available to Plaintiff.

28  ////

Plaintiff seeks to compel production of his complete medical file.  ECF No. 48.  In light of plaintiff's allegation that he was assaulted, plaintiff's medical records are relevant and reasonably calculated to lead to the discovery of admissible evidence related to plaintiff's injury.  However, his request is overly broad and goes beyond the date of the assault and any medical care he would have subsequently received.  Defendants also object on the grounds that plaintiff's medical records are equally available to plaintiff.  Presumably, they are referring to an "Olsen review," which is an administrative process that provides prisoners with access to nonconfidential information in their central files and medical records.

Since plaintiff has access to his medical file, the court will not require defendants to produce these documents.  However, in his reply in support of his fourth motion to compel, plaintiff claims that he submitted a request to review his medical records on October 10, 2014, and that as of November 25, 2014, when he submitted his reply, he had not received a response. ECF No. 62 at 8.  Defendants will therefore be required to take whatever steps are necessary to ensure that plaintiff is provided adequate access to his medical records during the pendency of this litigation.  Alternatively, defendants may choose to produce to plaintiff a copy of his relevant medical records from May 19, 2011, the date of the alleged assault, through the present.  The defendants shall file a status report with the court regarding plaintiff's access to his medical records.

> **RFP No. 5, Set 1:** Copies of Plaintiff's Gray complete mental health file.
>
> **Response:** Defendants object to this request on the grounds that it is overly broad, burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not relevant to any claims or defenses at issue in this lawsuit, confidential and private, and equally available to Plaintiff.

Defendants' objections to plaintiff's request for his complete mental health file are essentially the same as those made to his request for his medical records.  Plaintiff's complaint seeks compensation for his injuries, which could include mental or emotional injuries.  ECF No. 1 at 9.  Plaintiff's mental health records are therefore relevant and reasonably calculated to lead to the discovery of admissible evidence.  However, this request is also overly broad and goes

1    beyond the date of the assault.  As with plaintiff's request for his medical records, the court will

2    not require defendants to produce these documents, since plaintiff has access to them.  However,

3    defendants will be required to take whatever steps are necessary to ensure that plaintiff is

4    provided adequate access to his mental health records during the pendency of this litigation.

5    Alternatively, defendants may choose to produce to plaintiff a copy of his relevant mental health

6    records from May 19, 2011, the date of the alleged assault, through the present.  The defendants

7    shall file a status report with the court regarding plaintiff's access to his mental health records.

8    **Interrogatory No. 10 to Gam and Starnes, Set 1:** Why you didn't
     protect Plaintiff Gray from being stabbed by inmate Williams?

9

10   **Response:** Defendant objects to this interrogatory on the grounds
     that it is argumentative and assumes facts that have not been
     established.

11

12        Plaintiff's complaint revolves around his allegation that defendants failed to protect him.

13   ECF No. 1 at 4-5.  Defendants' defense of this action demonstrates their denial of plaintiff's

14   theory, and defendants have filed a summary-judgment motion on the grounds that they did not

15   fail to protect plaintiff.  Whether defendants failed to protect plaintiff is a question of fact that

16   will be determinative of plaintiff's Eighth Amendment claim.  Requiring a further (and

17   predictable) response to this request would be futile, and plaintiff's motion to compel will be

18   denied as to this interrogatory.

19   **Interrogatory No. 15 to Gam, Set 1:** Is it possible the weapon you
     found in Plaintiff's clothing came from and was caused by inmate
     Williams' att[e]mpt to strike Plaintiff with it?

20

21   **Response:** Defendant objects to this interrogatory on the grounds
     that it is vague and ambiguous, calls for speculation, and assumes
     facts that have not been established.

22

23        This interrogatory is essentially identical to Interrogatory No. 4, set 2 to Gam, which is

24   more fully addressed by both parties and analyzed below in Section II.E.  The motion to compel

25   on this interrogatory will be denied as duplicative in favor of the better briefed motion on

26   Interrogatory No. 4, set 2.

27   ////

28   ////

6

1    E.    Third Motion to Compel

2         **RFP No. 2 to Virga, Set 2:** Copies of all log recording of searches
          conducted in B4 administrative segregation for the whole year of
3         2011.

4         **Response:** Defendant objects to this request on the grounds that it is
          overly broad, vague and ambiguous as to the term "searches,"
5         burdensome, not relevant to any claims or defenses at issue in this
          lawsuit, and not reasonably calculated to lead to the discovery of
6         admissible evidence.  Without waiving these objections, Defendant
          responds as follows: After a diligent search and reasonable inquiry,
7         Defendant does not have documents responsive to this request in his
          possession, custody, or control.
8

9         Plaintiff argues that he requires the search logs conducted in B4 administrative

10   segregation to show that the required searches were not being conducted.  ECF No. 51 at 2.

11   Defendant Virga's objection that the request is overbroad is well taken.  However, plaintiff's

12   request is relevant since his claims involve an allegation that Virga failed to properly train

13   defendants in the required search procedures and requirements, and search logs would establish

14   whether searches were being conducted as required, and potentially whether Virga was aware of

15   lapses and failed to take corrective action.  Defendant's objection that the request is burdensome

16   is also unsupported by any specific facts regarding the burden this production would create.

17   Moreover, Virga's summary conclusion that he does not have documents responsive to the

18   request in his possession, custody, or control does not convince the court that these documents do

19   not exist or are not obtainable.  Therefore, defendant Virga will be required to supplement his

20   response to this request.  Defendant Virga must either produce cell and inmate search logs for B4

21   administrative segregation, to the extent such searches are logged and these records exist, for the

22   six months preceding May 19, 2011, or supplement his response to detail the efforts to locate

23   these records and if available, an explanation as to why these documents are unobtainable or no

24   longer exist (i.e. they have been destroyed pursuant to an applicable retention schedule).  If search

25   logs are produced, any information deemed sensitive may be redacted, so long as the logs still

26   reflect the frequency and/or dates of the searches.

27        **Interrogatory No. 1 to Starnes and Gam, Set 2:** Have worked for
          CDCR for sometime now, is it not a common play for inmates to
28        feign problems with their cellmate as a tactic to get strategically

7

moved into their intended victim's cell?

**Response:** Defendant objects to this interrogatory on the grounds that it is argumentative, and calls for speculation.

Plaintiff posed identical interrogatories to Starnes and Gam, who responded with identical objections.  Defendants object to the interrogatory on the grounds that it is argumentative and calls for speculation.  While the interrogatory is phrased in a somewhat argumentative tone, it does not preclude a response, and defendants' objection that the interrogatory requires speculation is not well taken.  Plaintiff is not asking whether defendants are aware of a specific inmate's reasons for his actions, and the court finds the request to be reasonably interpreted as asking whether defendants are aware of a broader problem of inmates feigning issues to manipulate their housing for the purposes of carrying out assaults.  This could be information learned through interviews with inmates or briefings or memoranda on the issue, if such an issue exists.  If this is not a problem the defendants have encountered and they have not received training, briefings, or memoranda on the issue, then they should respond accordingly.  Defendants will be required to supplement their response to this interrogatory.

**Interrogatory No. 2 to Starnes and Gam, Set 2:** How is it possible for inmate Williams to obtain a weapon in a high risk security unit, where searches are conducted on a daily bas[i]s?

**Response:** Defendant objects to this interrogatory on the ground that it calls for speculation.

Plaintiff again posed identical interrogatories to Starnes and Gam, who responded with identical objections.  Defendants object to the interrogatory on the grounds that it is argumentative and calls for speculation.  While the interrogatory is phrased in a somewhat argumentative tone, it does not preclude a response, and defendants' objection that the interrogatory requires speculation is not well taken.  Presumably, if plaintiff was in fact stabbed by inmate Williams, an investigation into the assault was conducted.  It would be reasonable to assume that part of that investigation would include determining how Williams obtained a weapon.  If an investigation was not conducted, defendants are not aware of the results of any investigation, or the investigation was inconclusive, defendants can respond accordingly.

1    Defendants will be required to supplement their response to this interrogatory.

2    **Interrogatory No. 4 to Gam, Set 2:** Is it possible the weapon you
     found tangled in Plaintiff clothing came from inmate Williams
3    attempt to stabbed him with that same weapon?

4    **Response:** Defendant objects to this request on the grounds that it
     calls for speculation, and is argumentative.
5

6         Defendant Gam objects to the interrogatory on the grounds that it is argumentative and

7    calls for speculation.  Defendant's objections that the interrogatory is argumentative and requires

8    speculation will be overruled.  It is reasonable to assume that if plaintiff was in fact stabbed by

9    inmate Williams, an investigation into the assault was conducted.  It would also be reasonable to

10   assume that part of the investigation would be to determine whether the weapon found in

11   plaintiff's clothing was involved in the assault.  If an investigation was not conducted, defendant

12   is not aware of the results of any investigation, or the investigation was inconclusive, defendant

13   Gam should respond accordingly.  Defendant Gam will be required to supplement his response to

14   this interrogatory.

15        F.    Fourth Motion to Compel (ECF No. 56)

16        **RFP No. 1, Set 1:** Copies of all "guidelines" regarding search
     procedures for ad-seg. Inmates of their cell and on their person.
17

18        **Response:** Defendants object to this request on the grounds that it is
     overly broad, unlimited as to time, and vague and ambiguous.
     Without waiving these objections, Defendants respond as follows:
19   Attached as exhibit A are the relevant portions of Title 15 regarding
     inmate and cell searches.
20

21        Plaintiff contends that although defendants have produced the regulations related to

22   inmate and cell searches, they have failed to produce "the CSP-Sacramento O.P., memos, minutes

23   of staff meeting, adjustments or enhancements of policy statements, CSP-Sac. prison rules and

24   manuals." ECF No. 56 at 2.  Although defendants objection that the request is overly broad to the

25   extent it is unlimited as to time is well taken, their other objections are not.  Plaintiff is clearly

26   seeking policies and procedures regarding inmate and cell searches in administrative segregation.

27   Institutional policies or procedures regarding the implementation of the inmate and cell search

28   regulations are discoverable.  Defendants will be ordered to produce CDCR or CSP-Sacramento

9

1    policies and/or procedures, if any, that supplement or implement the inmate and cell search

2    regulations and/or address the frequency or circumstances under which an inmate or a cell should

3    be searched in administrative segregation or generally.  Defendant must disclose policies or

4    procedures that were in force on May 19, 2011, the alleged date of the assault.

5              **RFP No. 2, Set 1:** Copies of any and all inmate Williams CDCR
               114-D and RVR-115.
6
               **Response:** Defendants object to this request on the grounds that
7              it seeks confidential and private information, is overly broad,
               unlimited as to time, is not relevant to any claims or defenses at
8              issue in this lawsuit, burdensome, and is not reasonably
               calculated to lead to the discovery of admissible evidence.
9

10        Plaintiff argues that he requires inmate Williams' CDCR 114-D and RVR-115 records to

11   establish that prison officials knew Williams was a threat to plaintiff based upon his gang

12   affiliation.  ECF No. 56 at 3.  Defendants' objection that the request is overbroad has merit, and

13   to the extent it is overbroad it seeks irrelevant information.  However, plaintiff's complaint

14   includes a claim that defendants knew that Williams was a danger to others when they approved

15   plaintiff to be his cellmate and put him in the same cell.  ECF No. 1 at 4.  Documentation

16   regarding why Williams was in administrative segregation and rules violations reports could

17   show documented violent behavior that would support plaintiff's claim, making the request

18   relevant.

19        Defendants also object on the grounds that because the documents requested are rules

20   violation reports and the orders and reasons why Williams was placed in administrative

21   segregation, they are confidential and private.  ECF No. 60 at 4.  Defendants also argue that under

22   California regulations, plaintiff cannot have access to another inmate's record.  Id.  While the

23   California regulations may prevent defendants from producing the documents without a court

24   order, they do not prevent this court from issuing an order requiring their production.

25        For the first time, defendants also raise an objection that production would jeopardize the

26   safety and security of the prison and inmates.  Id.  They argue that because plaintiff claims he and

27   Williams are from different gangs, producing the documents would entail "risks to the

28   institution's and the inmates' safety and security" and they cite to Cordoba v. Dickenson, No.

10

1   CIV S-10-2944 DAD P, 2012 WL 868926 (E.D. Cal., March 13, 2012), in support of their

2   argument.  ECF No. 60 at 4.

3        While the court is mindful that security risks can arise in the prison context, it finds that

4   even if timely made, defendants' security objection is lacking.  Cordoba is distinguishable from

5   this case.  In Cordoba, defendants presented evidence that the plaintiff and the inmate whose

6   records he sought were designated enemies, and the plaintiff did not specify what type of

7   information he sought or what he expected to find.  Cordoba, 2012 WL 868926, at *2.  Here,

8   defendants merely argue that there is a security issue because plaintiff claims that he and

9   Williams are from different gangs, without offering any evidence of a threat to either inmate.

10  Additionally, plaintiff has stated that he is attempting to show that there was documentation

11  establishing that Williams was a danger to others, and that defendants should have therefore

12  known not to house them together.  Defendants' objections will therefore be overruled and they

13  will be required to provide CDCR 114-D and RVR-115 records for inmate Williams, subject to

14  the following limitations.  Defendants shall produce the RVR-115 forms, which they identify as

15  the orders and reasons for Williams being in administrative segregation, related to Williams'

16  assignment to administrative segregation on May 19, 2011.  Defendants shall also produce any

17  CDCR 114-D forms (rules violation report) for Williams for the six months leading up to May 19,

18  2011, that were the result of possessing weapons or assaults or attempted assaults on other

19  inmates or staff.  If the CDCR 114-D and RVR-115 forms contain identifying information for

20  inmates other than plaintiff or Williams, defendants may redact that information.

21        **RFP No. 3, Set 1:** Copies of Plaintiff's Gray complete C-file.

22        **Response:** Defendants object to this request on the grounds that it is
          overly broad, burdensome, not reasonably calculated to lead to the
23        discovery of admissible evidence, not relevant to any claims or
          defenses at issue in this lawsuit, and equally available to the
24        Plaintiff.

25        Plaintiff seeks to compel production of his complete C-file.  ECF No. 56.  He argues that

26  he requires the file because "it gives information of what gang Plaintiff is affiliated with, who is

27  his enemies concern, and etc."  It appears he believes his C-file contains information that would

28  have alerted defendants to the fact that he had an issue with inmate Williams.  However, as

                                           11

1   written, his request is overly broad and goes beyond the scope of the issues in the complaint.

2   Defendants also object on the grounds that plaintiff's C-file is equally available to plaintiff.

3   Presumably, they are referring to an "Olsen review," which is an administrative process that

4   provides prisoners with access to nonconfidential information in their central files and medical

5   records. Since plaintiff has access to his C-file, the court will not require defendants to produce

6   these documents. However, plaintiff claims that he submitted a request to review his C-file on

7   October 10, 2014, and that as of November 25, 2014, when he submitted his reply, he had not

8   received a response. ECF No. 62 at 8. Defendants will therefore be required to take whatever

9   steps are necessary to ensure that plaintiff is provided adequate access to the relevant portions of

10  his C-file during the pendency of this litigation. Alternatively, defendants may choose to produce

11  to plaintiff a copy of the portions of his C-file that would demonstrate he had an issue with inmate

12  Williams on or before May 19, 2011. Defendants shall file a status report with the court

13  regarding plaintiff's access to the relevant portions of his C-file.

14  III.    Response to Motion for Summary Judgment

15          In light of the additional responses and documentation ordered by the court, plaintiff's

16  current deadline to respond to the motion for summary judgment shall be extended. If plaintiff

17  files his response prior to his receipt of this order, he shall be permitted to file a supplemental

18  response within thirty days of service of the defendants' additional discovery responses.

19  IV.     Pretrial Statement and Motions for Court Orders

20          Plaintiff has filed a pretrial statement and motions for court orders for inmates Smith,

21  Williams, and Mouton to testify at trial. ECF Nos. 52, 53, 54, 55. A trial has not yet been

22  scheduled in this case, and defendants recently filed a motion for summary judgment (ECF No.

23  64). Plaintiff's pretrial statement will therefore be disregarded and his motions for court order

24  denied without prejudice as premature.

25  IV.     Conclusion

26          Accordingly, IT IS HEREBY ORDERED that:

27          1. Defendants shall submit, within fourteen days of this order, a status report regarding

28  plaintiff's access to his medical and mental health records and his C-file. If the defendants

choose to provide plaintiff with copies of the documents, the status report should reflect this and the documents must be produced within thirty days of this order.

2.  Plaintiff's motions to compel further discovery responses (ECF Nos. 48, 51, 56) are granted in part, to the extent specified above, as to the following discovery requests:

a.  Requests for Production Nos. 1 through 5, set 1, submitted to all defendants;

b.  Request for Production No. 2, set 2, submitted to defendant Virga;

c.  Interrogatories Nos. 1 and 2, set 2, submitted to defendants Starnes and Gam;

d.  Interrogatory No. 4, set 2, submitted to defendant Gam.

3.  The motions to compel are denied in all other respects.

4.  The discovery responses and documentation herein ordered must be provided to plaintiff within thirty days of this order and defendants must promptly file a notice of compliance with the court.

5.  Plaintiff's deadline to respond to the defendants' motion for summary judgment shall be extended until thirty days after service of the defendants' supplemental responses.  In the event plaintiff files his response prior to his receipt of this order, he shall be permitted to file a supplemental response within thirty days of service of defendants' supplemental responses.

6.  Plaintiff's pretrial statement (ECF No. 52) shall be disregarded.

7.  Plaintiff's motions for court orders for inmates Smith, Williams, and Mouton to be present at trial (ECF Nos. 53, 54, 55) are denied as premature.

DATED: April 1, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

13