UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDOS GRAY, JR., | No. 2:12-cv-3006 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| T. VIRGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court is plaintiff's motion to compel. ECF No. 82.

I.   Procedural History

On April 1, 2015, the court issued an order granting in part and denying in part plaintiff's motion to compel discovery. ECF No. 73. Relevant to plaintiff's current motion to compel, defendants were ordered to provide the following: (1) access to or copies of plaintiff's relevant medical records from May 19, 2011, to the present (id. at 5); (2) access to or copies of the portions of his C-file "that would demonstrate he had an issue with inmate Williams on or before May 19, 2011" (id. at 12); (3) search logs from the six months preceding May 19, 2011, or supplemental information on the steps taken to locate the logs if they no longer exist (id. at 7); (4) CDCR and CSP-Sacramento policies and/or procedures that supplement or implement the inmate cell search regulations in force on May 19, 2011 (id. at 9-10); (5) RVR-115 records for inmate

1   Williams that showed why he was in administrative segregation (id. at 11); and (6) CDCR 114-D
2   records for inmate Williams from the six months preceding May 19, 2011 that "were the result of
3   possessing weapons or assaults or attempted assaults on other inmates or staff" (id.).  The order
4   also provided plaintiff an opportunity to file a supplemental response to the defendants'
5   summary-judgment motion after he received the additional discovery.  Id. at 13.  Defendants'
6   April 15, 2015 status report indicated that they opted to provide plaintiff with access to his
7   medical records and C-file rather than with copies.  ECF No. 74.  Supplemental responses were
8   served on plaintiff on May 1, 2015.  ECF Nos. 77, 78.

9   On May 21, 2015,[1] plaintiff filed a motion to extend his time to file a supplemental
10  response.  ECF No. 80.  The motion indicated that although there was some initial disagreement
11  over the documents produced pursuant to the court's order, the parties had managed to resolve the
12  issues except as they related to the confidential sections of plaintiff's C-file.  Id.  Plaintiff
13  indicated that he intended to file a motion addressing the disagreement between the parties and
14  therefore needed additional time to file his supplemental response.  Id. at 3-4.  The court granted
15  plaintiff's motion to the extent that it vacated the deadline to file a supplemental response, to be
16  re-set once the issues surrounding plaintiff's access to the confidential portions of his C-file were
17  resolved.  ECF No. 81.  Plaintiff was given fourteen days to file a motion to compel.  Id.  He was
18  advised that "[t]he motion must identify what documents plaintiff seeks from his confidential C-
19  file and how they 'would demonstrate he had an issue with inmate Williams on or before May 19,
20  2011.'"  Id. at 2.  Plaintiff filed a timely motion to compel on June 7, 2015 (ECF No. 82) and
21  defendants responded (ECF No. 83).  Plaintiff was not given leave to file a reply.  See ECF No.
22  81.

23  II.    Motion to Compel
24          Plaintiff's motion to compel seeks production of the following:
25              1. Relevant documents inside the confidential section of Plaintiff's
                   C-file.
26              2. The nonconfidential section of Plaintiff's C-file.
27
---
[1] Since plaintiff is proceeding pro se, he is afforded the benefit of the prison mailbox rule.  See
28  Houston v. Lack, 487 U.S. 266, 276 (1988).

    3. All B4 ASU search logs, which are located in ASU log books and inmates' CDCR 114-As, under CCR Title-15 § 3344(a) and (b).

    4. Copies of all Plaintiff's x-rays and related reports to x-ray of his right hand.

    5. Copies of all medical lab reports.

    6. Copies of all secretary of CDCR's notice orders, and the secretary's implementation orders concerning ASU, and SHU, policy on search procedures that was in [e]ffect of 2010.

    7. Copies of Williams's complete Inmate Segregation profile (CDCR 114-A-1); and Inmate Segregation Record (114-A); Isolation Log book (CDCR 114); Initial Housing Review (SOMS); ASU/SHU Double Cell Review (CDCR 1882-B); and all CDCR 114-Ds.

    8. Copies of all CSP-Sacramento's O.P. concerning Security Housing Unit (SHU) policies; and Administrative Segregation Unit (ASU) policies in [e]ffect of 2010.

ECF No. 82 at 1-2. Plaintiff states that he has conferred with defendants' counsel via telephone and submitted written requests for the documents but has not received them. Id. at 2. He claims that defendants have delayed or refused to produce the requested documents. Id.

    Defendants responded to the motion and stated that, in compliance with the court's order, they had provided plaintiff with the following documentation: "three Rules Violation Reports received by inmate Williams in the six months preceding May 19, 2011, Operational procedures related to searches of inmates and cells, and Captains' Reports that showed which cells were searched on January 1, 6, 7, 8, and 9, 2011, and March 25, 26, and 30, 2011." ECF No. 83 at 2. They also provided plaintiff with two declarations regarding the attempts to locate additional logbooks showing cell searches, and ensured plaintiff had access to his central file and medical records. Id. Defendants' counsel proceeded to conduct two telephonic conferences with plaintiff to clarify the documents sought by plaintiff, and as a result located an additional RVR for inmate Williams and additional relevant policies. Id. Plaintiff also specified that he needed copies of the x-rays of his right hand, which were provided on June 17, 2015. Id. An additional declaration regarding the attempts to locate requested logbooks was also produced. Id. Defendants argue that plaintiff's motion should be denied because his requests have already been found to be

3

overbroad and defendants have produced all the documentation required after the court's narrowing of the requests. Id. at 4. With respect to the confidential portion of plaintiff's C-file, defendants also argue that the documents are subject to the official-information privilege. Id. at 4-5.

III.     Discussion

Although the disputes raised in plaintiff's motion to compel exceed the scope of those initially indicated in his motion for extension (ECF No. 80), each of plaintiff's requests will be addressed.

Plaintiff's first request in dispute is for the "relevant documents inside the confidential section of Plaintiff's C-file." ECF No. 82 at 1. Plaintiff's access to the confidential portion of his C-file was the only issue identified by plaintiff in his motion for extension. ECF No. 80. Plaintiff was advised that if he filed a motion to compel documents from his confidential C-file, "[t]he motion must identify what documents plaintiff seeks from his confidential C-file and how they 'would demonstrate he had an issue with inmate Williams on or before May 19, 2011.'" ECF No. 81 at 2. Contrary to the court's explicit instructions, plaintiff has simply requested the "relevant documents" from his confidential C-file. ECF No. 82 at 1. He does not identify any specific documents or types of documents or explain how they would demonstrate he had a pre-existing issue with inmate Williams. Id. Plaintiff's request that defendants be compelled to produce these unspecified documents will therefore be denied.[2]

Plaintiff's next request is for the non-confidential section of his C-file. ECF No. 82 at 1. The court has already determined that plaintiff's request for his entire C-file is overly broad and exceeds the scope of the complaint. ECF No. 73 at 11-12. Moreover, defendants were not required to provide plaintiff with copies of his C-file to comply with the court's April 1, 2015

---

[2] The court agrees that it would be unreasonable to require defendants to present an official-information declaration addressing all of the documents in the confidential section of plaintiff's C-file, especially when plaintiff was explicitly directed to identify the documents he sought and he failed to do so. Because no specific documents have been identified by plaintiff and defendants are therefore unable to submit the required supporting declaration without addressing every document in the confidential C-file, the court will not address the official-information privilege argument.

4

order.  Id.  Defendants had the option of providing plaintiff access to his C-file (id.), which plaintiff admits he has been given (ECF No. 80 at 2).  Plaintiff does not allege that any non-confidential documents were withheld or identify any documents that were withheld.  Id.  Defendants' counsel also gave plaintiff an opportunity to request specific documents (ECF No. 83 at 4; ECF No. 80 at 3) and plaintiff previously indicated that the only documents counsel refused to provide were those from his confidential C-file (ECF No. 80 at 3).  To the extent plaintiff's complaint is that he was not provided with a copy of his non-confidential C-file, as already noted, defendants were not required to provide plaintiff with a copy so long as he was provided adequate access. ECF No. 73 at 12.  Plaintiff has failed to identify any specific documents from his non-confidential C-file that he is seeking, and by both plaintiff and defendants' accounts, plaintiff was given an opportunity to review and request copies of specific documents from his non-confidential C-file.  For these reasons, plaintiff's motion to compel his entire non-confidential C-file will be denied.

Plaintiff's next request is for search logs which he claims are "located in ASU log books and inmates' CDCR 114-As."  ECF No. 82 at 1.  This request has already been narrowed by the court once (ECF No. 73 at 7), and defendants have provided plaintiff with reports that show the dates of the searches that took place in B4 administrative segregation during the six months preceding May 19, 2011, and, where records were not available, declarations detailing the efforts to locate the responsive logs (ECF No. 83 at 2).  Defendants' counsel also spoke with plaintiff to clarify what he meant by logbooks and, when those documents could not be located, provided a declaration outlining the steps taken to locate them.  Id.  The court cannot compel defendants to produce documents that no longer exist or cannot be located despite efforts to do so.  To the extent plaintiff implies that there may be additional records of searches in other inmates' files, the court will not require defendants to comb through the individual inmate files of inmates housed in B4 administrative segregation during the six months leading up to May 19, 2011, to uncover such records.  Plaintiff's motion to compel "[a]ll B4 ASU search logs" will be denied.

Plaintiff's fourth and fifth requests are for the x-rays and x-ray reports for his right hand and all of his medical lab reports.  ECF No. 82.  With respect to the request for x-rays and x-ray

reports, plaintiff alleged that he was not permitted to review these documents when he reviewed his medical files. ECF No. 80 at 2. He states that he advised defendants' counsel that he was not permitted to review his x-rays during their first telephonic conference on May 4, 2015, and that during the second discussion on May 21, 2015, counsel agreed to provide documents other than those in plaintiff's confidential C-file. ECF No. 80 at 2-3. Plaintiff's motion to compel was filed on June 7, 2015 (ECF No. 82), before defendants provided him copies of his x-rays on June 17, 2015 (ECF No. 83 at 2). Since it appears plaintiff has been provided copies of his x-rays, his request to compel them will be denied. As for the request for all of his medical lab reports, this request is overly broad because it does not specify a timeframe or any specific type of lab report. Without specifying the type of lab report he is seeking, it is not clear how lab reports are related to plaintiff's claim that defendants failed to protect him from an assault and inappropriately used pepper spray on him when responding to the assault. Finally, defendants were not required to provide plaintiff with copies of his medical records. Plaintiff has admitted that he was permitted to review his medical records and does not allege he was prevented from reviewing lab reports; he claims that he was only unable to view his x-rays and the related reports (ECF No. 80 at 2), which have since been provided to him (ECF No. 83 at 2). Plaintiff's motion to compel copies of his x-rays and lab reports will be denied.

    Plaintiff's sixth and eighth requests are for policies and procedures that were in effect in 2010. ECF No. 82 at 1-2. Defendants were ordered to produce policies or procedures that were in effect on May 19, 2011, that related to searches. ECF No. 73 at 9-10. Policies and procedures from 2010 are not relevant to the claims in this case unless they were still in effect on May 19, 2011. Moreover, to the extent plaintiff now tries to expand the scope of the policies sought to general policies for the security housing unit and administrative segregation unit, the court will not consider the request as it is overbroad and the time for requesting discovery and compelling responses has passed. See ECF No. 43. Plaintiff was given an opportunity to file the instant motion to compel to ensure compliance with the court's April 1, 2015 order, not so that he could expand the scope of the discovery he seeks to compel. Finally, defendants state that they have provided plaintiff with "all relevant CDCR and CSP-Sacramento policies related to searches that

1  were in effect on May 19, 2011." ECF No. 83.  Since it appears that defendants have complied
2  with the April 1, 2015 order, and plaintiff is impermissibly attempting to enlarge the scope of the
3  required production, plaintiff's request to compel the production of additional policies will be
4  denied.
5      Finally, plaintiff's seventh request sought copies of inmate Williams' complete inmate
6  segregation profile, inmate segregation record, isolation log book, initial housing review,
7  ASU/SHU double cell review, and all CDCR 114-Ds.  ECF No. 82 at 2.  This request far exceeds
8  the original request for all inmate Williams' CDCR 114-D and RVR-115 records and the
9  limitations set on the request by the court.  ECF No. 73 at 10-11.  As previously stated,
10 permission to file a motion to compel related to the April 1, 2015 order was not an invitation to
11 expand the scope of the documents sought.  Defendants argue that they have already provided the
12 documentation regarding inmate Williams as required by the April 1, 2015 order (ECF No. 83 at
13 2), and the court will not grant plaintiff's request to compel defendants to produce documents the
14 court has already determined defendants were not required to produce or additional documents
15 that were not originally requested.  This request will be denied.
16     IV.    Conclusion
17     For the reasons set forth above, plaintiff's motion to compel (ECF No. 82) will be denied
18 and the court will re-set the deadline for plaintiff to file his supplemental response to defendants'
19 motion for summary judgment.
20     Accordingly, IT IS HEREBY ORDERED that:
21     1. Plaintiff's motion to compel (ECF No. 82) is denied.
22     2. Plaintiff may file a supplemental opposition to the defendants' motion for summary
23 judgment within twenty-one days of this order.
24     3. Defendants' time to file a reply in support of their motion for summary judgment will
25 not begin to run until plaintiff either files his supplemental opposition or his time for doing so
26 ////
27 ////
28 ////

7

1 | expires, whichever occurs first.  Defendants shall then have fourteen days to file a reply.

2 | DATED: July 17, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE