UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDOS GRAY, JR., | No. 2:12-cv-3006 KJM AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| T. VIRGA, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court are plaintiff's motion for preliminary injunction or protective order (ECF No. 90) and motion for extension of time (ECF No. 93).

Due to the court's caseload burdens, plaintiff's motions to compel were not ruled on until after defendants filed their motion for summary judgment.  ECF No. 73.  Because defendants were required to supplement their discovery responses, plaintiff was given an opportunity to file a supplemental opposition to the summary-judgment motion.  Id. at 13.  Plaintiff then filed a motion for extension of time to submit his supplemental opposition which indicated that defendants had not complied with the order on the motion to compel.  ECF No. 82.  The deadline to file a supplemental opposition was vacated and plaintiff was given an opportunity to file a motion to enforce the discovery order.  ECF No. 81.  Plaintiff filed another motion to compel. ECF No. 82.  The motion was denied and plaintiff was ordered to file his supplemental opposition

1  within twenty-one days. ECF No. 85. Plaintiff then filed a motion for an unspecified extension
2  of time to file his supplemental opposition (ECF No. 86) and he was granted an additional
3  twenty-one days (ECF No. 87). Due to exigencies in the court's calendar, plaintiff was advised
4  that no further extensions would be granted. Id.

5  Plaintiff once again moved for additional time, alleging that he was not being given access
6  to his legal documents, despite having submitted requests, and that he would soon be transferred
7  to another prison because of his impending release from custody. ECF No. 88. Due to plaintiff's
8  impending release, which the court presumed would result in an interruption in plaintiff's ability
9  to access his legal property, and the status of defendants' motion for summary judgment, the
10 motion for summary judgment was vacated. ECF No. 89. Within thirty days of his release from
11 custody, plaintiff was to notify the court of his new address and defendants would have thirty
12 days from the filing of plaintiff's notice to re-notice, re-file, and re-serve their motion for
13 summary judgment. Id.

14 Plaintiff then filed a motion for emergency preliminary injunction or protective order in
15 which he alleged that his legal property was still in the possession of prison officials at Pelican
16 Bay State Prison and that they were intentionally withholding his property so that he could not
17 comply with his court deadlines. ECF No. 90. He further indicated that he did not know if he
18 would be released into the community or to the custody of the Sacramento County Jail. Id. At
19 that time, the California Department of Corrections and Rehabilitation's (CDCR) Inmate Locator
20 website indicated that plaintiff was no longer in CDCR custody and defendants were required to
21 notify the court whether the CDCR still had possession of plaintiff's legal property. Id.
22 Defendants advised that plaintiff's legal property had been forwarded to him at the Sacramento
23 County Jail on September 7, 2015, and that the CDCR no longer had possession of plaintiff's
24 legal property. ECF No. 92.

25 On September 22, 2015, plaintiff filed a notice of change of address (ECF No. 94) and a
26 motion for extension of time to file a supplemental opposition to defendants' motion for summary
27 judgment (ECF No. 93). Plaintiff alleges that he submitted a request for his legal property on
28 September 16, 2015, after he received defendants' notice and discovered that his legal property

had been forwarded to the jail. Id. As of September 22, 2015, he had not received a response to his request. Id.

Because plaintiff's legal property is no longer in the custody of the CDCR, the court will recommend that his motion for preliminary injunction be denied as moot. The court will also deny plaintiff's motion for extension as moot because defendants' motion for summary judgment has been vacated and plaintiff is no longer required to file a supplemental opposition. However, because plaintiff does not currently appear to be in possession of his legal property, the defendants' deadline to re-file their motion for summary judgment will be vacated and re-set once it has been determined that plaintiff has received his property. Plaintiff will be required to notify the court that he has received his property within seven days of receipt. If plaintiff has not received his legal property on November 4, 2015, then by November 12, 2015, he shall file a notice with the court advising that he has not received his legal property and outlining the steps he has taken to obtain it.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension (ECF No. 93) is denied as moot.

2. Defendants' deadline to re-file their motion for summary judgment is vacated and will be re-set at a later date.

3. Plaintiff shall notify the court that he is in possession of his legal property within seven days of receiving it. If plaintiff has not received his legal property by November 4, 2015, then he shall file a notice with the court by November 12, 2015, advising the court that he has not received his legal property and outlining the steps he has taken to obtain his property.

IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunction or protective order (ECF No. 90) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

1  objections shall be served and filed within fourteen days after service of the objections. The
2  parties are advised that failure to file objections within the specified time may waive the right to
3  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: October 5, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE