UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDOS GRAY, JR., | No. 2:12-cv-3006 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| T. VIRGA, et al., | |
| Defendants. | |

Plaintiff is a county prisoner, and former state prisoner, proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

On August 26, 2015, this court issued an order vacating defendants' motion for summary judgment due to plaintiff's impending release from custody, the anticipated delays in his ability to access his legal property, and the status of the summary-judgment motion. ECF No. 89. Within thirty days of plaintiff's release from custody, he was to notify the court of his new address, and defendants were to re-notice, re-file, and re-serve their summary-judgment motion within thirty days of the filing of plaintiff's notice. Id.

Plaintiff then filed a motion for emergency preliminary injunction or protective order in which he alleged that his legal property was still in the possession of prison officials at Pelican Bay State Prison and that they were intentionally withholding his property so that he could not comply with his court deadlines. ECF No. 90. He further indicated that he did not know if he

1

would be released into the community, as previously indicated, or to the custody of the Sacramento County Jail.  Id.  At the time the court reviewed the motion, the California Department of Corrections and Rehabilitation's (CDCR) Inmate Locator website indicated that plaintiff was no longer in CDCR custody and defendants were required to notify the court whether the CDCR still had possession of plaintiff's legal property.  ECF No. 91.  Defendants advised that plaintiff's legal property had been forwarded to him at the Sacramento County Jail on September 7, 2015, and that the CDCR no longer had possession of plaintiff's legal property.  ECF No. 92.

On September 22, 2015, plaintiff filed a motion for extension of time to file a supplemental opposition to defendants' motion for summary judgment (ECF No. 93) and a notice of change of address (ECF No. 94).  He stated that after he received defendants' notice regarding the status of his legal property, he submitted a request for his legal property on September 16, 2015. ECF No. 93.  As of September 22, 2015, he had not yet received a response to his request.  Id.  Because plaintiff's legal property was no longer in CDCR custody, the undersigned recommended denying the motion for injunction as moot.  ECF No. 95.  Plaintiff's motion for extension was also denied as moot because the motion for summary judgment had been vacated and, in light of plaintiff's continued difficulties accessing his paperwork, the court vacated the deadline for defendants to re-file their motion for summary judgment.  Id. at 3.  Plaintiff was required to notify the court once he received his property.  Id.  If he did not receive his property by November 4, 2015, then by November 12, 2015, he was to notify the court that he was still without his property and explain what steps he had taken to obtain his property.  Id.

On October 14, 2015, plaintiff filed a notice of compliance in which he stated that he had been given access to his six boxes of legal property on October 6, 2015. ECF No. 98 at 3.  He stated that he was permitted to keep two boxes in his cell, was given an opportunity to go through his boxes to select what he wanted in the two boxes, and that his other boxes would be kept in storage and could be traded out on request.  Id. at 3-4.  Plaintiff claims that upon inspecting his legal property, some items were missing.  Id. at 4.  Specifically, he claimed that he was missing copies of CDCR policies and notices, two legal books, four religious books, some supplies, and

2

"refer[e]nce notices" relating to this case and another case. Id. Plaintiff claims the missing items are necessary to prove his case. Id. He has not filed anything further regarding the status of the missing items.

Based on plaintiff's description of the missing items, it appears that they have only limited bearing on plaintiff's ability to litigate this case. Plaintiff should have access to legal supplies at the county jail, his legal books, though presumably helpful, are not required for his pursuit of this case, and his religious books are irrelevant to the matters at issue in this case. With respect to the missing policies and notices, it is unclear what steps plaintiff has taken to obtain copies. The CDCR's regulations are codified in the California Code of Regulations and the Department Operations Manual is publicly available online. It is not clear that plaintiff is unable to access to these documents at the jail or that he cannot obtain them through a request to the appropriate jail staff. As for plaintiff's claim that he is missing "reference notices," it is unclear what plaintiff is referring to. If he is referring to legal references, then as with the legal books, while they may be helpful, plaintiff can pursue this case without them. Given plaintiff's receipt of the bulk of his legal property and the nature of the allegedly missing items, the court finds it appropriate to re-set the deadline for defendants to file their motion for summary judgment at this time.

Accordingly, IT IS HEREBY ORDERED that within thirty days of service of this order, defendants may re-notice, re-file, and re-serve their motion for summary judgment. Defendants may simply re-file their original summary-judgment motion with an updated certificate of service. In accordance with Local Rule 230(l), plaintiff's response to the motion shall be filed within twenty-one days after service of the motion. Defendants may reply within seven days after the response has been filed in CM/ECF.

DATED: January 25, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE